### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br>WESLEY JAMES WRIGHT<br>　　　　　　　　Debtor. | Case No. 14-12432<br>(Chapter 13) |
| RICKY L. PROCTOR, and<br>BETTY J. PROCTOR,<br>　　　　　　　　Plaintiffs,<br>vs.<br>WESLEY JAMES WRIGHT<br>　　　　　　　　Defendant. | Adv. Pro. No. 14- |

### **COMPLAINT**

Plaintiffs Ricky L. Proctor and Betty J. Proctor seek to deny the discharge of debts owed to them by the Defendant, Wesley James Wright ("Debtor").

### **JURISDICTION AND VENUE**

1.　Debtor filed a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code on June 7, 2014.

2.　The first setting of Debtor's 11 U.S.C. § 341 meting of creditors was scheduled for July 24, 2014.

3.　However, Debtor did not list the Proctors on his original Bankruptcy Schedules; Debtor did not schedule his debt owed to the Proctors until an amendment to Schedule F was filed September 23, 2014 [Dkt. #44]. Upon learning of Debtor's bankruptcy case, the Proctors immediately sought advice of their state court counsel, who then contacted the undersigned. The Proctors obtained bankruptcy counsel as quickly as possible under the circumstances to file the above-styled Adversary Proceeding.

4.     The Proctors did not have notice, actual or constructive, of Debtor's bankruptcy until after September 23, 2014 and, therefore, the deadline set forth in Fed. R. Bankr. P. 4007(c) is not applicable to the Proctors, and this Complaint is timely. See, e.g., *In re Bortzel*, 18 B.R. 523, 523 (Bankr. E.D. Pa. 1982) (plaintiff entitled to an extension of time to file his complaint where he was not listed by the debtor in his bankruptcy schedules and had no notice of bankruptcy).

5.     This adversary proceeding is one seeking to deny the dischargeability of debts owed by Debtor to the Proctors pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6).

6.     This Court has jurisdiction over the parties hereto and the subject matter herein pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6), 28 U.S.C. §§ 157 and 1334.

7.     This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

## COMMON ALLEGATIONS

8.     The Proctors contracted with Debtor to perform certain services concerning the construction of a home at Lake Eufaula in McIntosh County, Oklahoma (the "Home"). (See agreement of understanding attached hereto as **Exhibit 1**)

9.     On January 11, 2014, the Proctors paid the Debtor the amount of $15,000.00 as partial payment for said services (the "Construction Trust Funds"). (See copy of check attached hereto as **Exhibit 2**)

10.    Debtor negotiated the check, but did not complete the work paid for by the Proctors and, soon thereafter, abandoned the Proctors altogether.

11. The Proctors then received a Notice of Filing Lien Statement by David Rhodes Dump Truck and Tractor Service in the amount of $1,400.00 for services rendered on the Proctors' property that should have been paid for by the Debtor from the Construction Trust Funds.

12. The Proctors subsequently paid the amount of $1,433.00 to get said lien released. (See Notice of Filing Lien Statement, Release of Materialman's Lien, and cashier's check attached hereto as **Exhibit 3**)

13. Further, the Proctors have had to hire another contractor to complete the work on their Lake Eufaula Home.

14. On August 27, 2014, the Proctors filed suit against Debtor in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2014-4820, for breach of the contractor agreement, fraud, and misappropriation of trust funds (the "State Court Case").

15. On September 27, 2014, Debtor filed a Notice of Bankruptcy in the State Court Case. (See Notice of Bankruptcy, attached hereto as **Exhibit 4**)

### FIRST CAUSE OF ACTION
### 11 U.S.C. § 523(a)(2)(A)

**Debtor's Representations**

16. Debtor represented to the Proctors that he would perform construction services listed on **Exhibit 1** on the Home in return for the payment of the Construction Trust Funds.

17. He also represented that he would use the Construction Trust Funds to pay for labor and materials provided by others he might use to complete the work.

18. Debtor represented that the work would be timely and competently performed.

**Falsity of Debtor's Promise to Perform Work on the Home**

19. Debtor's representations regarding his willingness and ability to perform work on the Home were false.

20. Although Debtor received the Construction Trust Funds, he failed to perform the work promised or satisfy liens against the Home as promised, and the Proctors were forced to pay additional money to hire others to complete the work Debtor promised to perform.

**Falsity of Debtor's Promise to Pay Subcontractors and Materialmen.**

21. Debtor promised that he would pay for materials and labor needed to perform the work detailed on attached **Exhibit 1**.

22. However, Debtor left the Proctors with liens against the Home, such as the lien of David Rhodes Dump Truck and Tractor Service in the amount of $1,400.00.

23. Debtor knew he would use the Proctors' Construction Trust Funds for improper purposes because he was being sued for collection by Winkler Door Company, Inc. in a suit filed on January 3, 2014 in Pottawatomie County, Case No. CJ-2014-00006, and was in the midst of a divorce case filed November 18, 2013 in Pottawatomie County, Case No. FD-2013-00360.

24. Further, Debtor's Schedules appear to show he was in default under several financial obligations because he did not have sufficient income with which to pay his bills in early 2014, when he induced the Proctors to pay him the Construction Trust Funds.

25.     The multiple repossessions listed on Debtor's Statement of Financial Affairs prove he did not have sufficient income with which to pay his bills in early 2014, when he induced the Proctors to pay him the Construction Trust Funds:

### 5. Repossessions, foreclosures and returns

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Ally Financial<br>PO Box 380901<br>Minneapolis, MN 55438-0901 | April 2014 | 2005 Chevy pickup. Value: $15,000 |
| Bank of the West<br>PO Box 5172<br>San Ramon, CA 94583 | January 2014 | 2008 Outback travel trailer; value $12,000 |
| GE Capital Retail Bank<br>332 Minnesota Street<br>W600<br>Saint Paul, MN 55101 | February 2014 | 2010 Yamaha boat. Value: $30,000 |

26.     Debtor knew at the time he contracted with the Proctors that he could not or would not perform the work promised.

27.     Debtor also knew at the time he contracted with the Proctors that he could not or would not use the Construction Trust Funds as agreed.

28.     Debtor induced the Proctors to pay him the $15,000.00 Construction Trust Funds intending to improperly use the money for personal benefit, to the detriment of the Proctors.

29.     Debtor made the false representations with the intent to deceive the Proctors into paying him the Construction Trust Funds.

**The Proctors's Reliance Upon Debtor's Representations**

30.     The Proctors relied upon Debtor's false promises to pay the Construction Trust Funds.

31. The Proctors' contractual arrangement with Debtor was usual and customary, and their reliance upon Debtor's false representations was reasonable and justifiable.

**The Loss to The Proctors Caused by Debtor's False Representations**

32. Debtor's false representations have caused the Proctors loss in the amount of not less than $15,000.00, together with legal fees, expenses, and other costs associated with his actions.

33. Pursuant to 11 U.S.C. § 523(a)(2)(A), the Proctors requests that all damages of any nature arising from Debtor's actions toward the Proctors be held non-dischargeable.

## SECOND CAUSE OF ACTION
## 11 U.S.C. § 523(a)(4)

**Debtor's Fraud / Defalcation while Acting in a Fiduciary Capacity**

34. Debtor induced the Proctors to pay him the Construction Trust Funds in return for labor and materials to be provided in relation to work on the Home.

35. Debtor has received the Construction Trust Funds from the Proctors.

36. The Construction Trust Funds constituted construction trust funds pursuant to OKLA. STAT. tit. 42, §§ 152, 153.

37. Debtor knew that the Construction Trust Funds were to be used solely to provide labor and materials for the Home.

38. Consequently, Debtor stood in a fiduciary capacity to the Proctors, and held the Construction Trust Funds in trust for the benefit of the Proctors.

39. However, Debtor did not use the Construction Trust Funds as agreed; rather, he knowingly and willingly converted the Construction Trust Funds to his own personal use.

40. Debtor exercised control over the Construction Trust Funds by knowingly and willingly disbursing the funds for his own personal expenses or to meet obligations of one or more of his companies rather than providing the Proctors with the labor and materials promised.

**Debtor's Embezzlement or Larceny of the Construction Trust Funds**

41. The Proctors paid the Construction Trust Funds to Debtor for the sole purpose of paying for labor and material regarding the Home.

42. Debtor's use of the Construction Trust Funds for purposes other than to pay for work on the Home constituted embezzlement or larceny of the Construction Trust Funds.

**The Loss to The Proctors Caused by Debtor's Fraud, Defalcation, Embezzlement and Larceny**

43. Debtor's actions have caused the Proctors loss in the amount of not less than $15,000.00, together with legal fees, expenses, and other costs associated with his actions.

44. Pursuant to 11 U.S.C. § 523(a)(4), all damages sustained by the Proctors because of Debtor's actions should be held non-dischargeable.

### THIRD CAUSE OF ACTION: 11 U.S.C. § 523(A)(6)

45. As set forth fully above, Debtor knew at the time he contracted with the Proctors that he could not or would not perform the work he promised to do.

46. Even before the Proctors paid Debtor the Construction Trust Funds, Debtor saw the Proctors' need for construction services as a way to obtain money for his personal expenses.

47. Debtor's Schedules and Statement of Financial Affairs show that he had urgent need to cover some of his personal expenses when he induced the Proctors into paying him the Construction Trust Funds.

48. Debtor clearly intended to use the Construction Trust Funds for immediate expenses, rather than as represented to the Proctors.

49. Debtor knew he would injure the Proctors by using the Construction Trust Funds for personal expenses.

50. Debtor intended to injure the Proctors in his plan to obtain the Construction Trust Funds to pay personal or other business expenses.

51. Debtor's actions were willful and malicious (without justification or excuse).

52. Debtor's actions have caused the Proctors loss in the amount of not less than $15,000.00, together with legal fees, expenses, and other costs associated with his actions.

53. Pursuant to 11 U.S.C. § 523(a)(6), all damages sustained by the Proctors because of Debtor's actions should be held non-dischargeable.

WHEREFORE, PREMISES CONSIDERED, the Proctors requests the Court enter an Order denying holding Debtor's obligations to them non-dischargeable as set for above, and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

s/Jeffrey E. Tate
Armando J. Rosell (OBA # 18821)
Jeffrey E. Tate (OBA #17150)
MULINIX OGDEN HALL & LUDLAM, P.L.L.C.
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, Oklahoma  73102
(405) 232-3800 Telephone
(405) 232-8999 Facsimile
**ATTORNEYS FOR PLAINTIFFS**